UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-95-RLV
(5:09-cr-41-RLV-DCK-1)

| | | |
|---|---|---|
| ELBERT MAURICE MAYFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss the Motion to Vacate, (Doc. No. 11). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely and barred by the waiver in his plea agreement, the Court will dismiss the motion to vacate and grant the Government's motion to dismiss.

I. **BACKGROUND**

On September 15, 2009, Elbert Maurice Mayfield ("Petitioner") was charged in a Bill of Indictment with one count of possession with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841. (Criminal Case No. 5:09cr41, Doc. No. 1: Indictment). Petitioner subsequently entered into a plea agreement with the Government, in which he acknowledged the minimum and maximum terms of imprisonment he faced for the offense, that the career offender enhancement may apply to his case, and that he waived all rights to challenge his conviction and sentence on appeal or in a post-conviction collateral proceeding except for

1

claims of ineffective assistance of counsel or prosecutorial misconduct.  See (Id., Doc. No. 10 at ¶¶ 3; 7(g); 21: Plea Agreement).  He also affirmed, under oath, his guilt and that he understood the terms of his plea agreement, including the waiver of his appellate and post-conviction rights, at a Rule 11 hearing.  See (Id., Doc. No. 11: Acceptance and Entry of Guilty Plea).

Before sentencing, the probation officer prepared a Presentence Report ("PSR"), summarizing the offense conduct, calculating the total offense levels, and detailing Petitioner's criminal history.  Based on Petitioner's prior convictions for conspiracy to possess with intent to distribute cocaine base (a 1991 federal conviction) and possession with intent to sell or deliver cocaine (a 2005 state conviction), the probation officer recommended that Petitioner be sentenced as a Career Offender.  (Id., Doc. No. 20 at ¶¶ 21; 114).  With the career offender designation, Petitioner faced an advisory guideline range of 262 to 327 months.  (Id. at ¶ 114).

After granting the Government's motion for a two-level downward variance based on Petitioner's cooperation and further granting an additional two-level variance in recognition of Petitioner's cooperation and other factors noted by Petitioner, the Court varied downward to an offense level 30 and sentenced Petitioner to 168 months of imprisonment.  (Id., Doc. No. 26: Judgment; Doc. No. 27: Statement of Reasons).  The Court entered the judgment on April 7, 2011, and Petitioner did not appeal.

Petitioner filed the instant petition under § 2255 on July 13, 2012, approximately 15 months after the district court issued the judgment, and he amended the petition on July 1, 2013.  (Doc. Nos. 1; 8).  Specifically, Petitioner alleges that his sentence is illegal in light of (1) the Fair

Sentencing Act ("FSA"), (2) United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and (3) Alleyne v. United States, 133 S. Ct. 2151 (2013).[1]

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides, generally, for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final when his right to appeal expired, or 10 days after the entry of the Court's judgment. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate on July 13, 2012, nearly fifteen months later, his motion is untimely under §

---

[1] In its recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court overruled its earlier decision in Harris v. United States, 536 U.S. 545 (2002), and held that the constitutional rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), applies to facts that increase the mandatory minimum punishment for a crime, and that under Apprendi, any fact (other than the fact of a prior conviction) that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2155, 2160-63. The Supreme Court has not, however, held that Alleyne applies retroactively on collateral review.

3

2255(f)(1). Furthermore, none of the other time periods set forth under Section 2255(f) applies, and Petitioner has not presented sufficient grounds for applying equitable tolling.

In addition to the fact that the Section 2555 petition is time-barred, Petitioner's claims are subject to dismissal because he waived his right to bring these challenges in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Petitioner's three grounds for relief, all of which attack Petitioner's sentence, do not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

**IV.  CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely and as barred by the waiver in his plea agreement. To this extent, the Court grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss, (Doc. No. 11), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 2, 2013

Richard L. Voorhees
United States District Judge